**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **No. 3:11-cr-00239** |
| | ) | **Judge Trauger** |
| **JAMES L. MERIWEATHER** | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a motion for relief pursuant to 18 U.S.C. § 3582 by James L. Meriweather in which he asserts that he is entitled to a reduction of his sentence based on the Supreme Court's ruling in *Hughes v. United States*, — U.S. ——, 138 S. Ct. 1765, — L. Ed. 2d — – (2018). (Doc. No. 66).

By order entered on July 30, 2018, the court directed the government to file an answer, plead or otherwise respond to the motion in conformance with Rule 5, Rules — § 2254 Cases, within 30 days. (Doc. No. 67). The government responded on August 29, 2018, contending that the defendant's motion should be denied because, under the terms of the plea agreement, he waived his right to seek relief pursuant to § 3582. (Doc. No. 72).

**I.     Background**

The defendant was originally charged in a three-count indictment. (Doc. No. 3). Count One charged conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, Count Two charged possession of 500 grams or more of cocaine with intent to distribute, and Count Three charged attempted possession of 500 grams or more of cocaine with the intent to

1

distribute. (*Id*.) The penalties were not less than 10 years or more than life for Count One and not less than 5 years or more than 40 years for Counts Two and Three. (*Id*.)

On September 6, 2012, the defendant entered a plea of guilty pursuant to a Rule 11(c)(1)(C) plea agreement. (Doc. No. 40). Under the terms of the agreement, the defendant agreed to plead guilty to Count Two, and the government agreed to dismiss Counts One and Three. (*Id*. at PageID # 77). In Paragraph 11 of the agreement, the parties agreed that the defendant was a career offender and agreed upon a binding sentence of 120 months. (*Id*. at PageID # 83). The government also agreed under the terms of the plea agreement to refrain from filing sentencing enhancements based on the defendant's prior drug felony convictions. (*Id*. at PageID # 78, n.1).

After the United States Probation Office prepared the Presentence Report ("PSR"), the parties discovered that the defendant did not qualify as a career offender. (Doc. No. 70). The PSR calculated his advisory guidelines range as 70-87 months based on an offense level of 23 and a criminal history category of IV.

On December 20, 2012, the parties amended the plea agreement to strike any reference to career offender status. (*Id*. at PageID # 110, 115). In the amended agreement, the parties agreed to a binding sentence of 96 months. (*Id.* at PageID # 115, 117). Under the "Waiver of Appellate Rights" section of the amended agreement, the defendant agreed to waive "the right to challenge the sentence imposed in any collateral attack, including, but not limited to, a motion brought pursuant to . . . 18 U.S.C. § 3582(c)" as long as the court imposed the agreed upon sentence of 96 months. (*Id*. at PageID # 117). The plea agreement states: "The parties acknowledge that the Court will resolve any remaining disputes about the applicable calculations to the extent the Court determines that any such disputed matters are material to whether the Court will impose a sentence agreed to in this plea agreement." (Doc. No. 52 at PageID # 115). On January 4, 2013, the court

imposed the agreed upon sentence of 96 months, and the government dismissed Counts One and Three. (Doc. No. 53).

On appeal, the defendant did not raise any challenge to the validity of his plea agreement or of the waiver specifically. (*See* Doc. No. 64 at PageID# 186). In denying the defendant's previous § 3582(c) motion, the Sixth Circuit determined that the defendant's motion was barred by the waiver provision, as was the defendant's appeal. (*Id.*) In the defendant's first motion for reduction of sentence, he asserted that a reduction was warranted under Amendment 782, as he does now. (Doc. No. 55). The court denied the motion. (Doc. No. 61).

## II.    Analysis

District courts have discretion to reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). The decision whether to do so must be based on the sentencing factors set forth in 18 U.S.C. § 3553(a), and any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The defendant's motion for relief relies on Amendment 782 to the sentencing guidelines, which went into effect on November 1, 2014. Amendment 782 amended USSG § 2D.1.'s drug quantity table to reduce by two levels the base offense level for most drug offenses. Amendment 788, which also became effective on November 1, 2014, identified Amendment 782 as retroactive. U.S. Sentencing Guidelines Manual App. C, amend. 788. According to the defendant, the application of Amendment 782 to this case would reduce the total offense level from Level 23 to

Level 21 and, at criminal history category IV, would reduce the applicable guideline range from 70-87 months to 60-71 months. (Doc. No. 57 at 2).

The government contends that the defendant's motion should be denied because he waived his right to seek a sentence reduction under § 3582(c) in the plea agreement in exchange for the government's concessions, including its agreement to dismiss two counts and to refrain from filing a sentencing enhancement based on the defendant's prior drug felony convictions. (Doc. No. 72).

"It is well settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement." *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001); *Rivers v. United States,* No. 3:11 CR 194-13, 2018 WL 4333969, at *3 (M.D. Tenn. Sept. 11, 2018) ("It is 'well established' that a criminal defendant can waive any statutory or constitutional right 'in a plea agreement with the government so long as the defendant's waiver is both knowing and voluntary' unless the defendant alleges involuntariness, prosecutorial misconduct, or ineffective assistance of counsel.") (citations omitted). The Sixth Circuit repeatedly has found that a defendant may waive the right to challenge his or her sentence under § 3582(c). *See United States v. Clardy*, 877 F.3d 228, 231 (6th Cir. 2017) ("[W]here a waiver provision in a valid plea agreement specifically forbids a defendant from challenging his sentence under § 3582(c), he cannot challenge his sentence under § 3582(c)."); *United States v. Ellison*, 664 F. App'x 507, 509 (6th Cir. 2016) (holding that the appeal waiver in the defendant's plea agreement barred a § 3582(c)(2) motion when the agreement explicitly waived the right to appeal pursuant to § 3582(c)).

In *United States v. Bryant*, 663 Fed. App'x 420 (6th Cir. 2016), the court considered the same waiver provision as in Meriweather's plea agreement in which the defendant "knowingly waive[d] the right to challenge the agreed sentence in any collateral attack, including . . . a motion

brought pursuant to . . . 18 U.S.C. § 3582(c)." *Id*. at 422. In considering Bryant's argument that

he was entitled to resentencing under Amendment 782, the Sixth Circuit held:

> The district court lacked authority to grant Bryant's motion because he waived the right to challenge his sentence under § 3582(c) in the plea agreement. The agreement could not be clearer. It states that Bryant "knowingly waives the right to challenge th[e] agreed sentence in any collateral attack, including ... a motion brought pursuant to ... 18 U.S.C. § 3582(c)." This case begins, and arguably should end, there.

*Id*. Later, in *United States v. Shelton*, 673 Fed. App'x 524 (6th Cir. 2017), the Sixth Circuit

affirmed the district court's dismissal of Sheldon's motion brought under 18 U.S.C. § 3582(c)

because his plea agreement contained the exact same waiver language and because Sheldon sought

the exact same relief as was sought in *Bryant*. *Id*. at 525.

The waiver provision in Meriweather's plea agreement is identical to the waiver provision

in *Bryant* and *Sheldon*—a provision the Sixth Circuit has found "could not be clearer." *Bryant*,

663 Fed. App'x at 422. The court lacks authority to grant Meriweather's instant motion because,

like *Bryant* and *Sheldon*, he waived the right to challenge his sentence under § 3582 in his plea

agreement. In his motion Meriweather does not make any arguments related to involuntariness,

prosecutorial misconduct, or ineffective assistance. The record reflects that his waiver was

knowing and voluntary. (Doc. No. 70 at 2-14). Indeed, the Sixth Circuit already has ruled that

Meriweather is barred by the waiver provision from filing a motion to reduce sentence under §

3582. (Doc. No. 64 at 2). *Hughes* has no application under these circumstances.[1]

---

[1] Although the Court's decision in *Hughes* does not address waiver provisions like the one in the instant case, in Justice Sotomayor's concurring opinion, she writes that "[t]he Government may well be able to limit the frustrating effects of today's decision in the long run. Going forward, it presumably can add a provision to every Type-C agreement in which the defendant agrees to waive any right to seek a sentence reduction following future Guidelines amendments." 138 S. Ct. 1765, 1783. This language supports the court's decision today that Meriweather waived his right to file a § 3582 motion, even after *Hughes*.

Even if the defendant's motion were not barred by the waiver provision, *Hughes* still does not afford the defendant the relief he seeks. In *Hughes,* the United States Supreme Court held that a defendant is not categorically ineligible for § 3582(c)(2) relief merely because he entered into a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) (commonly referred to a "Type-C agreement"). Now, under *Hughes*, a defendant who was sentenced under Type-C agreement may seek a sentence correction if his sentence was "based on" a sentencing guideline range that was subsequently reduced by the Sentencing Commission. 138 S. Ct. at 1775. A sentence will be "based on" a guidelines range "if the range was a basis for the court's exercise of discretion in imposing a sentence," in that it was a foundation or starting point for the district court's sentencing calculation. *Id.*

Here, the defendant's sentence was not "based on" a sentencing range that has been lowered by the Sentencing Commission. The plea agreement acknowledged that the court would calculate the sentence. (*See* Doc. No. 52 at PageID # 115) ("The parties acknowledge that the Court will resolve any remaining disputes about the applicable calculations to the extent the Court determines that any such disputed matters are material to whether the Court will impose a sentence agreed to in this plea agreement."). *See Molina-Martinez*, __ U.S. __, 136 S. Ct. 1338, 1346 (2016) ("The record in a case may show, for example, that the district court thought the sentence it chose was appropriate irrespective of the Guidelines range."). The guideline range in this instance was not "a relevant part of the analytic framework the judge used to determine the sentence or to approve the agreement." *Hughes*, 138 U.S. at 1777 (quoting *Freeman v. United States*, 564 U.S. 522, 530 (2011)). As a result, Meriweather's sentence was not based on that sentencing range, and relief under § 3582 is unavailable. As *Hughes* explains, in this instance,

"[a]nd that is so regardless of whether a defendant pleaded guilty pursuant to a Type-C agreement or whether the agreement itself referred to a Guidelines range." *Id.* at 1776.

**III.   Conclusion**

As part of his plea agreement, Meriweather explicitly waived his right to file a motion to reduce sentence under § 3582(c) and, under the terms of his plea agreement, he is barred from bringing the instant motion. *See United States v. Sharp*, No. 2:13 CR 34(06), 2016 WL 2354872, at *2 (E.D. Tenn. May 4, 2016) (enforcing defendant's waiver of right to file a § 3582(c) motion pursuant to a sentencing agreement entered into voluntarily). Consequently, the motion (Doc. No. 66) is hereby **DENIED**.

It is so ORDERED.

ENTER this 4th day of December 2018.

_____
Aleta A. Trauger
United States District Judge